HAMMOND, Appellant, vs. JOHN H. KAISER LUMBER COM-
PANY, Respondent.

*March 16—April 3, 1912.*

*Logs and logging: Contract: Construction: Extra compensation.*

A logging contract provided that during a certain season plaintiff
should cut, haul, and load on cars all the timber on certain
lands; that defendant should furnish a continual service of fif-
teen cars each day as might be required by plaintiff, and in
case of failure to deliver said cars plaintiff should deck all logs
not loaded on cars at track; that when said logs were so decked
plaintiff should be deemed to have fulfilled his contract the
same as though they were loaded on cars; and that if it should
be necessary, on account of defendant's failure to provide cars
as aforesaid and the accumulation of a surplus of logs which
must be decked, defendant should have the option either itself
to load the logs so decked or to allow plaintiff to load them at
the price of ninety cents per thousand feet. *Held*, (1) that de-
fendant was under no obligation to furnish more than fifteen
cars per day, even though that number was insufficient to take
care of the logs as fast as plaintiff found it necessary to haul
them in order to complete the contract during the season; and
(2) that the obligation to pay plaintiff ninety cents per thou-
sand feet for loading decked logs was confined to logs decked
by reason of defendant's failure to furnish the specified service
of fifteen cars per day, and therefore, that number of cars hav-
ing been in fact furnished, plaintiff was not entitled to recover
anything under the last mentioned provision of the contract for
the extra work in loading logs which it had become necessary
to deck by reason of the insufficiency of such stipulated service.

APPEAL from a judgment of the circuit court for Eau
Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

This action was brought to recover balance due upon a con-
tract for cutting, hauling, loading upon railroad cars, and
decking logs during the season of 1907 and 1908. The com-
plaint contained three causes of action. Recovery was had
on the first and third and denied on the second. The second
cause of action was based upon a claim to recover $1,184.83,

being ninety cents per thousand feet for loading on cars 1,316,842 feet of logs which had been decked. The contract provided that the plaintiff, party of the first part, during the logging season of 1907 and 1908, should cut, haul, and properly load on railroad cars at or near Winter, Wisconsin, all of the timber on certain described lands, excepting such as might be condemned by the defendant, party of the second part, and specifying the kind and quality of logs. The contract further provided:

"Said party of the first part further agrees to cut, mark, haul, scale, and load on cars of the C., St. P., M. & O. Ry. Company, at or near the town of Winter, in Sawyer county, Wisconsin, during the logging season of 1907 and 1908, all of the saw-log timber from the within described land.

"And further agrees to load said logs in such manner that they may be safely and properly transported to Eau Claire by said railway company, provided suitable cars and suitable equipment is furnished by the party of the second part; and to load not less than 5,000 feet, board measure, on each car, on an average, and not to load an amount, the weight of which will exceed the marked capacity of each of said cars.

"The said party of the second part further agrees to furnish a continual service of fifteen cars each day, as may be required from time to time by the party of the first part, and in case of failure thereof to deliver said cars, party of the first part agrees to deck all logs not loaded on cars at track—hardwood separate from pine and hemlock, etc.—as aforesaid mentioned. When said logs are so decked, it is understood that party of the first part has fulfilled his contract, in the same particular as though said logs were loaded on cars, it being further understood that any logs so decked are to be landed in a convenient manner for loading on cars later. . . ."

"*Payments:* In consideration of the performance of all of the foregoing agreements on the part of the first named party, the second named party agrees as follows:

"1st. To pay for all logs cut, hauled, and loaded on cars or decked as aforesaid, the sum of nine dollars ($9) per thousand feet, board measure, according to the scale herein provided for.

"2d. To pay the same in the manner following: Four dollars and fifty cents ($4.50) per thousand feet the first of each month as the logs are skidded, based upon the estimate of the amount thereof to be made by two (2) persons, one appointed by the party of the first part and one appointed by the party of the second part; four dollars and fifty cents ($4.50) per thousand feet the fifteenth (15th) of each month, as fast as said logs are loaded on cars or decked. . . ."

The foregoing are the provisions of the contract material on the questions involved upon this appeal. It is established without dispute that the fifteen cars were furnished by the defendant and loaded by the plaintiff as agreed, and in addition thereto during said logging season 1,316,842 feet of logs were cut, hauled, and decked, and that the fifteen cars a day were not sufficient to take care of all the logs covered by the contract as fast as they were hauled and as fast as it was necessary to haul them in order to complete the logging contract during the season, and that the service performed by the plaintiff in loading the decked logs was additional work over and above what he would have had to perform had it not been necessary, in the course of the logging operations, to have decked any logs.

The court found as a conclusion of law that the plaintiff was entitled to nothing for the extra work claimed under the ninety-cent provision of the contract for the loading out of the decked logs. Judgment was entered in favor of the plaintiff on the first and third causes of action and in favor of the defendant on the second cause of action, thereby denying the plaintiff any compensation for loading the decked logs. From this judgment plaintiff appealed.

*Spencer Haven,* for the appellant.

*D. Buchanan, Jr.,* for the respondent.

KERWIN, J. The facts in this case are undisputed, and the only question for determination is whether under the contract and findings the plaintiff was entitled to recover ninety

cents per thousand feet for loading on cars the logs decked during the logging season of 1907 and 1908. The defendant furnished the fifteen cars per day agreed to be furnished during the season and the plaintiff loaded from sleighs the cars furnished, and in addition to the logs so loaded decked 1,316,482 feet, and at the request of defendant afterwards loaded on cars the logs so decked, and claims in his second cause of action $1,184.83, being ninety cents per thousand for loading the decked logs. The plaintiff claims that, a quantity of logs in excess of fifteen cars per day having been hauled and decked, he was entitled to ninety cents per thousand for loading on cars such decked logs. On the part of the defendant it is insisted that the plaintiff could only recover ninety cents per thousand for loading such logs as were decked because of failure to furnish fifteen cars per day. The controversy turns upon the contract. The defendant bound itself to furnish only fifteen cars per day, and it seems clear that it was under no obligation to furnish more. *John O'Brien L. Co. v. Wilkinson,* 117 Wis. 468, 94 N. W. 337.

The next question which arises is whether the decking mentioned in the contract had reference to the decking in case of failure to furnish the fifteen cars or decking of logs hauled in excess of the fifteen cars. The contract, after providing time, place, quantity, and character of logs to be put in during the season, further provided that plaintiff should cut, mark, haul, scale, and load on cars of the Chicago, St. Paul, Minneapolis & Omaha Railway Company, near Winter, in Sawyer county, Wisconsin, all the saw-log timber on the described land. And the plaintiff further agreed to load said logs in such manner that they might be safely transported to Eau Claire by the railroad company, provided suitable cars and equipments were furnished by the party of the second part. Then follows the provision set up in the statement of facts to the effect that the defendant agreed to furnish a continual service of fifteen cars each day, and in case of failure to deliver said cars the

party of the first part agreed to deck all logs not loaded on
cars at track, and that when said logs were so decked it was
understood that the party of the first part had fulfilled his
contract in the same particular as though said logs had been
loaded on cars.

The contract, after providing as to manner of cutting, scal-
ing, reporting, and inspecting and other details of operation,
further provides for payment of $9 per thousand for all logs
hauled and loaded on cars or decked "as aforesaid."

. . . "That in the event of it being necessary, on account of
failure on the part of the party of the second part to provide
cars as aforesaid for the party of the first part as the logs are
hauled on sleighs for the purpose of loading them on cars, and
there is a surplus of logs accumulated which has to be decked,
it is at the option of the party of the second part whether they
load said logs so decked in the spring themselves or allow said
party of the first part to load said logs on cars at the price of
ninety cents (90 c.) per thousand feet, and the party of the
first part hereby agrees that he will so load said logs at above
mentioned price of ninety cents per thousand feet in the event
of his being instructed to do so by the party of the second
part.   Payment of same to be made at completion of the
work."

It is the opinion of the court that the foregoing provision of
the contract respecting the payment of ninety cents per thou-
sand for loading on cars the decked logs has reference only to
logs decked in case of failure to furnish the fifteen cars per
day agreed to be furnished.   The contract by its terms seems
to confine the pay for loading decked logs to those decked in
consequence of failure to furnish cars as agreed by defendant.
The provision in the contract to furnish a continual service
of fifteen cars per day as may be required limits the number
to fifteen cars, and the promise to pay for decking is confined
to logs decked in case of failure to furnish the cars agreed to
be furnished.   It being conceded that fifteen cars per day
were furnished as agreed, the contract gave no right to charge

for loading the decked logs in question.    In face of the express agreement that the defendant was bound to furnish a continual service of fifteen cars a day as required, it cannot be said that it was under obligation to furnish other cars, and the pay for loading decked logs was confined by the terms of the contract to logs decked because of failure to furnish a continual service of fifteen cars per day.    *Boyington v. Sweeney,* 77 Wis. 55, 45 N. W. 938, is relied upon by plaintiff.    In that case it was found that defendant was bound under the agreement to furnish the cars and it failed to do so.    Here the defendant furnished the cars agreed to be furnished by it, and the expense of loading decked logs was not caused by any failure on the part of the defendant to furnish cars.

The court is of opinion that plaintiff is not entitled to recover on the second cause of action, therefore the judgment is right.

*By the Court.*—The judgment is affirmed.